UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUZ HERNANDEZ, | ) | CASE NO.: 1:17-cv-00283 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | **<u>PRELIMINARY ORDER</u>** |
| | ) | **<u>APPROVING CLASS ACTION</u>** |
| ERNIE GREEN INDUSTRIES, INC., | ) | **<u>SETTLEMENT AGREEMENT AND</u>** |
| | ) | **<u>NOTICE</u>** |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Luz Hernandez ("Representative Plaintiff") and Defendant Ernie Green Industries, Inc. ("Defendant") have moved the Court to preliminarily approve, as fair and reasonable, a Class Action Settlement Agreement ("Settlement Agreement") between Representative Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement ("Motion for Preliminary Approval"), the Declaration of Shannon M. Draher appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Preliminary Order granting preliminary approval, and approving notice to class members, as follows:

1. Unless otherwise defined, all terms used in this Preliminary Order have the same meanings as defined in the Settlement Agreement.

2. On February 10, 2017, Representative Plaintiff Luz Hernandez filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as

**EXHIBIT C**

well as a "class action" pursuant to Fed. R. Civ. P. 23 under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03.

3. During the month of September 2017, the Parties engaged in informal yet comprehensive discovery regarding Plaintiffs' claims and Defendant's defenses to such claims. The Parties engaged in settlement negotiations, and ultimately reached an agreement on September 28, 2017, to settle the Action on the terms set forth in this

4. The Parties' Motion for Approval was filed on November 14, 2017.

5. The Settlement Agreement proposes to settle claims of Representative Plaintiff and the proposed Class. The proposed class settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

6. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and OMFWSA claims.

7. As to Representative Plaintiff and the Class, the Court finds that the proposed settlement class qualifies for provisional certification under Rule 23(a) and (b)(3) and the proposed settlement qualifies for preliminary approval under Rule 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff Luz Hernandez is an adequate representative of the Class in that she is a member of that class and possesses the same interests and suffered the same alleged injuries as the class's other members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their claims. The Court finds there is sufficient basis to

conclude preliminarily that the proposed settlement is fair, reasonable and adequate as to the Class.

8. The Court provisionally certifies the Class, as defined in Paragraph 4 of the Settlement Agreement, pursuant to Rule 23(a) and (b)(3). The Court approves Representative Plaintiff Luz Hernandez as Class Representative of the Class, and appoints as class counsel Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC.

9. The Court provisionally approves the Service Award to Representative Plaintiff in recognition of her service in this Action.

10. The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Settlement Agreement.

11. The Court grants preliminary approval of the proposed settlement as to the Class under Rule 23(e).

12. The Court directs that the members of the class be given notice of the pendency of this Action, the proposed settlement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed settlement may be considered. The proposed Notice attached as Exhibit D to the Settlement Agreement is approved as to substance, form, and manner of distribution.

13. The Fairness Hearing will be held on Apr. 23, 2018 [DATE TO BE SET BY COURT APPROXIMATEY 128 DAYS AFTER THIS ORDER IS ENTERED, BUT IN NO EVENT LESS THAN 90 DAYS ATER IN ORDER TO COMPLY WITH THE NOTICE PROVISIONS OF THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1715(b)] at 9:30 [TIME TO BE SET BY COURT]. Class Members requesting exclusion from the Class and/or objecting to the Class or the settlement must timely request

exclusion and/or file objections in the time and the manner set forth in the form of Notice attached as Exhibit D to the Settlement Agreement. Specifically, Class Members must take such steps by not later than thirty (30) days after the initial mailing of Notice.

14. The Court approves the proposed Class Notice and orders that it be distributed to the members of the class in the manner described in the Settlement Agreement.

15. Prior to the Fairness Hearing, Class Counsel shall file with the Court a Declaration verifying that the Class Notice was distributed to the members of the class in the form and manner approved herein.

16. The Parties shall file papers in support of Final Approval of the Settlement Agreement no later than fifteen (15) days after the deadline for Class Members to opt-out of the Settlement and/or object to the Settlement.

17. The Court orders that, pending Final Approval, each Class Member is preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with this Settlement Agreement.

IT IS SO ORDERED this 6th day of December, 2017.

/s/DONALD C. NUGENT, USDJ
Honorable Donald C. Nugent
United States District Court Judge

[DATE]

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FAIRNESS HEARING

TO: All current and former hourly, non-exempt employees of PPI Acquisitions, LLC during the period April 1, 2014, to June 30, 2016, (the "Calculated Period") who received an attendance bonus and worked more than forty hours in a workweek.

RE: Proposed Settlement (the "Settlement") in *Luz Hernandez v. Ernie Green Industries, Inc.*, Case No. 1:17-cv-00283.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| YOU CAN DO NOTHING | **If you do nothing, you will be eligible to receive a monetary payment under the settlement if it is approved.** You give up your rights to sue the Defendant as part of another lawsuit over the claims resolved by this settlement. |
| YOU CAN ASK TO BE EXCLUDED | If you ask to be excluded, you will not be eligible to receive a payment under the settlement. You may not object. You may sue the Defendant as part of another lawsuit over the claims resolved by this settlement. |
| YOU CAN OBJECT | You can write the Court about why you don't agree with the settlement. If you object, you will still be eligible to receive a payment under the settlement if it is approved. |
| YOU CAN GO TO A HEARING | If you do not ask to be excluded, you can ask to speak in Court about the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Monetary payments under the settlement will only become available if the Court approves the settlement and the settlement becomes final. Please be patient.

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

### BASIC INFORMATION

**1. Why was this Notice issued?**
This Notice informs you of the Court's preliminary approval of a proposed settlement of a class action lawsuit, advises you of your rights as a Class Member, and tells you how to receive a share of the settlement funds. Please read this Notice carefully. The proposed settlement affects your legal rights.

**2. What is this lawsuit about?**
The lawsuit was filed against Defendant Ernie Green Industries, Inc. on February 10, 2017, as a collective

EXHIBIT D

and class action under the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA"). The Representative Plaintiff is Luz Hernandez, who has worked for Ernie Green Industries Inc.

The lawsuit alleges that the Defendant Ernie Green Industries, Inc. violated the FLSA and OMFWSA by failing to pay overtime compensation to Representative Plaintiff and its hourly employees at one and one-half times their "regular rate," and to include attendance bonuses in the calculation of their regular rates. Ernie Green Industries, Inc. denies these claims and believes it has properly paid its employees.

### 3. Why is this a class action?
In a class action, a person called a "Class Representative" sues on behalf of people who the Court determines have similar claims. All these people are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?
The Court did not decide in favor of Plaintiff or Ernie Green Industries, Inc. Instead, both sides agreed to settle this case to avoid the cost, time, and uncertainty of further litigation. The Court has granted preliminary approval of the settlement. The settlement does not mean that any law was broken or that Defendant did anything wrong. Defendant denies all legal claims in this case. The Class Representative and his attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the settlement?
All Class Members are part of the settlement. Class Members include all current and former hourly employees of Defendant who received an attendance bonus and who worked more than forty hours in one or more workweeks during which they received such payment between April 1, 2014, and June 30, 2017.

## WHAT WILL YOU GET AND WHEN, AND WHAT ARE YOU GIVING UP

### 6. What does the settlement provide?
If final approval of the settlement is granted, the Settlement Payment of $33,494.14, after deductions approved by the Court, will be divided proportionally into Individual Payments for which the Representative Plaintiff and the Class Members will be eligible. Before the deductions, Class Members are recovering approximately 200% of the overtime compensation they were allegedly denied over the three-year limitations period.

The deductions consist of only of a service payment to Plaintiff in the amount of $1,000. The Service Award compensates the Plaintiff for discovering the claims and reporting it to Class Counsel, assisting Class Counsel, engaging in telephone calls and email correspondence with Class Counsel, undertaking the responsibilities and burdens of serving as named plaintiff in a lawsuit, and entering into a general release of all claims with Defendant.

Part of the deductions from the Settlement Payment is for $15,750.00 in attorneys' fees and $5,738.00 in costs.

### 7. How do I get a settlement payment?
**To participate in the settlement, you are not required to do anything. You are automatically eligible to receive an Individual Payment.** Checks will be mailed to Class Members at the addresses listed in the Company's records. If your address has changed, you must send your name and current mailing address to Nilges Draher LLC, 7266 Portage St. NW, Suite D, Massillon, Ohio 44646. Defendant will withhold from each Individual Payment to Class Members all applicable taxes under federal, state, and/or local laws and will issue IRS W-2 Forms for the Individual Payments.

### 8. When will I get my payment?
Your Individual Payment will be mailed on approximately [INSERT DATE], which means that you will

receive it within a week thereafter.

### 9. What am I giving up to get a payment or stay in the Class?
The Settlement Agreement includes the following release of claims:

> Upon the Effective Date, and except as to such rights or claims as may be created by this Settlement Agreement, the Representative Plaintiff, and all Class Members who did not submit timely and effective requests for exclusion fully release and discharge Defendant and all present and former parent companies, subsidiaries, related entities, shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, successors, and assigns, from any and all Released Claims as hereafter defined. The "Released Claims" shall consist of all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action (1) asserted in Plaintiff's Complaint and (2) any other claims regarding the alleged failure to include attendance bonuses in employees' regular rate of pay for purposes of calculating their overtime compensation, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act through the Release Period.

If the Court grants final approval of the settlement, you will be bound by the release of claims, unless you have excluded yourself from the settlement in the manner described below. When claims are "released," that means that you cannot sue the Ernie Green Industries, Inc. for any of the claims that are covered by the release.

## THE LAWYERS REPRESENTING YOU

### 10. Do I have a lawyer in this case?
The Court appointed Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC to represent you and other Class Members as "Class Counsel." You do not have to personally pay Class Counsel. You can reach Class Counsel by phone at (330) 470-4428. You may call Class Counsel to discuss any questions you may have about this settlement. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 11. Class Counsel's recommendation.
Class Counsel strongly recommends the settlement, which offers valuable payments to Class Members without the risk, uncertainty, and delay of continuing with the lawsuit. If the Court grants final approval of the settlement, and if the settlement becomes effective, every Class Member will receive an Individual Payment in the form of a monetary payment as described above. Class Members do not need to take any action to receive their Individual Payments.

## IF YOU DO NOTHING

**12. What happens if I do nothing at all?**
If you do nothing, and the settlement is approved by the Court and becomes final, you will receive an Individual Payment in the form of a monetary payment. If you do nothing, you will also give up rights to sue the Defendant as part of another lawsuit over the claims resolved by this settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the settlement?**
To exclude yourself from the settlement, you must mail a letter saying you want to be excluded from *Hernandez v. Ernie Green Industries, Inc.* Be sure to include the case number (No. 1:17-cv-00283), your full name, address, and signature. You must mail your request for exclusion postmarked by _____, 2017 **[30 days from mailing of notices]** to Shannon M. Draher, Nilges Draher LLC, 7266 Portage St. NW, Suite D, Massillon, OH 44646. You can't exclude yourself on the phone, by email, or on Class Counsel's website.

**14. If I do not exclude myself, can I sue the Defendant for the same thing later?**
No. Unless you exclude yourself, you give up the right to sue Defendant for all of the claims that this proposed settlement resolves. You must exclude yourself to start your own lawsuit, continue with a lawsuit, or be part of any other lawsuit relating to the claims in this case.

**15. If I exclude myself, can I get benefits from this settlement?**
No. If you exclude yourself, you will not receive an Individual Payment and you cannot object to the proposed settlement. However, if you ask to be excluded, you may sue, continue to sue, or be part of a different lawsuit against the Defendant in the future. You will not be bound by anything that happens in this lawsuit.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court if I do not like the settlement?**
If you stay in the Class and you do not want the Court to approve the settlement, you must file a written objection within 30 days. You must give reasons why you think the Court should not approve it. To object, send a letter saying that you object to the settlement in Case No. 5:16-CV-00555, *Hernandez v. Ernie Green Industries, Inc.*, in the United States Court for the Northern District of Ohio. Be sure to include your full name, your address, your signature, the reasons why you object to the settlement, all documents you want the Court to consider and a "Notice of Appearance" if you hired your own lawyer to represent you in this objection. You must mail the objection to each of the three addresses below so that it is postmarked no later than _____, 2017 **[30 days from mailing notices]**. Late objections will not be considered. If you either approve of the settlement or choose to exclude yourself, you do not need to object.,

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Office of the Clerk of Court[1]<br>Carl B. Stokes U.S. Court House<br>801 West Superior Avenue<br>Cleveland, OH 44113<br><br>*See return copy instructions in footnote below. | Hans J. Nilges<br>Shannon M. Draher<br>NILGES DRAHER LLC<br>7266 Portage St. NW<br>Suite D<br>Massillon, OH 44646 | James O'Connor<br>Arthur W. Brumett II<br>REMINGER CO., L.P.A.<br>101 West Prospect Avenue, Suite 1400<br>Cleveland, Ohio 44115 |

[1] To receive a return copy from the Office of the Clerk of Court, the person must include with their letter one (1) additional copy of the letter and a self-addressed stamped envelope. The Office of the Clerk of Court will stamp both copies and return one (1) copy to the sender.

### 17. What is the difference between objecting and asking to be excluded?
Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from this settlement is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend and ask to speak, but you are not required to.

### 18. When and where will the Court decide whether to approve the settlement?
The Court has scheduled a Fairness Hearing at _____ on _____ [INSERT DATE AND TIME] in Courtroom 15A, Carl B. Stokes United States Court House, 801 Superior Avenue, Cleveland, Ohio 4413. The hearing may be moved to a different date or time without notice, so if you plan to attend, you should call or email Class Counsel for current information. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak about an objection (*see* Objecting to the Settlement). At or after the hearing, the Court will decide whether to approve the settlement.

### 19. Do I have to come to the hearing?
No. Class Counsel will answer any questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

### 20. May I speak at the hearing?
Yes. You, or an attorney you hire at your own expense, may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in Case No. 1:17-CV-00283, *Hernandez v. Ernie Green Industries, Inc.*" Be sure to include your name, address, telephone number, your signature, any documents you will seek to introduce and witnesses who you want to testify at the hearing.
Your Notice of Intent to Appear must be postmarked no later than _____, 2017 [20 days prior to date of fairness hearing], and be sent to the Court and the counsel of record identified above in Section 16. You cannot speak at the hearing if you excluded yourself from the Class.

### GETTING MORE INFORMATION

### 21. How do I get more information about the settlement?
This Notice summarizes the proposed settlement. More details about the settlement are in the Settlement Agreement. You can get a copy of the Settlement Agreement by emailing Class Counsel at sdraher@ohlaborlaw.com, who will email, fax, or mail a copy of the Settlement Agreement to you upon request.

If you have questions or need further information, please contact class counsel at (330) 470-4428.

PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT.